UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
RENE JORGE CORTEZ, INOCENTE RECINOS GARCIA,
CONSTANTINO GARCIA DIAZ, MANUEL LOPEZ,
MIQUEL ANGEL MARTINEZ, and MIGUEL CON MEJIA,
Individually and on Behalf of All Other Similarly Situated,

                                  Plaintiffs,                      **ORDER**
         - against -                             **17 CV 374 (LB)**

APNA HOLDING LLC d/b/a APNA BAZAR CASH &
CARRY, S&K VEGETABLES COPR., S&K GREEN
GROCERIES, INC., J&B VEGETABLES INC., MASPETH
WHOLESALE COPR. d/b/a APNA WHOLESALE,
DESH DEEPAK BHARDWAJ, JASWINDER SINGH, and
JOHN DOE CORPS. #1-4, Jointly and Severally,

                                  Defendants.
---------------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       On January 23, 2017, plaintiffs Rene Jorge Cortez, Inocente Recinos Garcia, Constantino Garcia Diaz, Manuel Lopez, Miguel Angel Martinez, and Miguel Coj Mejia (collectively, "Named Plaintiffs") filed a complaint filed a collective action alleging that defendants violated the Fair Labor Standards Act ("FLSA"), and provisions of the New York Labor Law ("NYLL"), by failing to pay them, and others similarly situated, minimum wage and overtime compensation. ECF No. 1.  Since the filing of the action, thirteen individuals (hereinafter "Opt-in Plaintiffs") have filed "Consent to Join" letters.[1] ECF Nos. 13-22, 29, 35, 37.  The parties reached a settlement in this matter through Court annexed FSLA mediation. The parties now move for Court approval of their settlement agreement.[2] Motion for Settlement Approval, "Mot. Settl." ECF No. 39; Settlement Agreement, "Settle Agree." ECF No. 39-1.  Plaintiffs' counsel has filed a declaration stating that the settlement agreement was translated into Spanish for the Named

---

[1] The following individuals are the Opt-in Plaintiffs: Carlos Ibate Par, Carlos Urgiles, Eduardo Jorge Cortez, Gustavo Adolfo Ramirez, Henry Mauricio Urrutia, Javier Uraga Hernandez, Jose Ivan Osorio Rodriguez, Miguel Canastuj, Nery Palacio, Patricio Nauala, Rosbin Jesus Rodriguez, Trinidad Garcia, and Jose Odin Canales. ECF Nos. 13-22, 29, 35, 37.
[2] The parties consented to the jurisdiction of a Magistrate Judge for all purposes under 28 U.S.C. § 636(c). ECF No. 40.

1

Plaintiffs and Opt-in Plaintiffs (collectively, "Plaintiffs") review. ECF No. 41-1. For the reasons set forth herein, the settlement agreement is approved as fair and reasonable.

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved, if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nt'l Merchant Servs., Inc., No. 14 CV 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). Here, the parties have agreed that defendants shall pay Plaintiffs a total settlement amount of $485,000, payable in twelve installments, as further detailed in the settlement agreement. See Settle Agree. at ¶ 3, Schedule A. The settlement amount is to be distributed as follows: Rene Jorge Cortez: $20,607.65; Inocente Recinos Garcia: $24,986.78; Constantino Garcia Diaz: $23,441.21; Manuel Lopez: $29,623.50; Miguel Angel Martinez: $25,115.58; Miguel Coj Mejio: $24,374.99; Carlos Ibate Par: $11,881.60; Carlos Urgiles: $21,895.63; Eduardo Jorge Cortez: $8,371.86; Gustavo Adolfo Ramirez: $16,099.73; Henry Maurivio Urrutia: $12,525.59; Javier Uraga Hernandez: $4,862.12; Jose Ivan Osorio Rodriguez: $7,405.88; Miguel Canastuf: $16,099.73; Nery Palacios: $15,745.54; Patricio Naula: $19,577.27; Rosbin Jesus Rodriguez: $6,117.90; Trinidad Garcia: $21,380.44; Jose Odin Canales: $11,881.60; and Attorney's Fees and Costs: $163,005.39. See id. The agreement does not include a general release nor does it contain a confidentiality clause.[3] See Settle Agree. The settlement is fair and reasonable.

In addition, upon review of plaintiffs' counsel's contemporaneous billing records, the circumstances of the case, and the work required to resolve this matter, the Court finds that plaintiff's

---

[3] The settlement agreement does include a non-disparagement clause. See Settle Agree at ¶ 8. The Court notes that non-disparagement clauses may contravene the remedial purposes of FLSA. See Martinez v. Gulluoglu LLC, No. 15 CIV. 2727 (PAE), 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (collecting cases) (explaining that non-disparagement clauses in FLSA actions may be objectionable). However, because the clause contains an exception for truthful statements, and does not limit plaintiffs' ability to make truthful statements about their experiences litigating the instant matter, this clause is acceptable.

2

request for attorneys' fees and costs is reasonable. See 29 U.S.C. § 216(b); see also Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).

Accordingly, the Court approves the settlement agreement. Plaintiffs' counsel shall have this Order translated into Spanish for the non-English speaking Plaintiffs. The parties shall file a stipulation discontinuing the case by September 29, 2017.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 15, 2017
       Brooklyn, New York